Mr. Chief Justice Watkins delivered the opinion of the Court. The appellant was indicted for the murder of one Jesse Simpson, and upon trial was convicted of murder in the second degree,:jand sentenced to the penitentiary. It appears, from the bill of exceptions taken to the overruling of a motion for new trial, that the State was permitted, against the objection of the prisoner, to read in evidence to the jury the affidavit of Simpson, taken before a justice of the peace, on the 20th January, 1852, to the effect that the prisoner, on the day previous, assaulted and wounded him with a knife, and praying a warrant for his apprehension; also, what purported to be the deposition of Simpson, given on the same day, before the justice of the peace, at an examining court held by him and an associate justice, for the purpose of enquiring in regard to the offence charged. We are not called upon to decide whether the deposition of a witness, whose_attendance it has become impossible to procure, as if he be dead or insane, is not admissible on the trial, if it were regularly taken, or in substantial compliance with the provisions of the statute, before an examing court, where the prisoner was present, and had an opportunity of cross-examining the witness, and the privilege of producing his own witnesses, and of being aided by counsel. But the deposition in this case was altogether objectionable. It is not pretended to be, nor was it offered, as the dying declarations of Simpson. Supposing the examination to have been regularly conducted, it was admitted as evidence against the pri- , soner on a trial for murder, when the accusation before the court of enquiry, whére it was given, amounted at the most to maiming, or an assault with intent to murder. But it does not appear that the accused was in fact arrested, and brought before the committing magistrate, or that any regular examination was had in accordance with the' statute. The proceedings, as certified, not only fail to show that the prisoner was present at the examination, or what seems to have been treated as such, but it is proven aliunde that he was not present, but was in another part of the country, and had not then been arrested. It seems that the magistrate was of opinion that the depositions of Simpson and of one Lydia Spencer, taken under like circumstances, that an offence had been committed, and afterwards recognized the accused for his appearance at court, to answer the charge contained in the affidavit of Simpson. But, on the trial of the prisoner, those depositions, as well as the affidavit for his arrest, (which must have been admitted through inadvertence,) would have to. be regarded as ex parte, and could not be evidence against him, without violating the spirit of his constitutional right to be informed of the accusation,, and confronted with the witnesses against him. ■' The court, at the instance of the State, instructed the jury, in effect: First, That if they believed, from the testimony, that the defendant, without provocation offered at the time, attacked the deceased with a deadly weapon, for the purpose of taking his life, they should find a verdict of murder in the first degree; and Second, That if, from the testimony, they believe the defendant, armed with a deadly weapon, to have had the physical ability,, coupled with the intent to commit a great bodily harm, they should find for the State. Putting the most favorable construction on this, as if it were one entire charge, it is difficult to understand how the last instruction could be applicable or relative to the case on trial. The court, on motion of the prisoner, instructed the jury that they should acquit him, unless it had been proven that the deceased had died within a year and a day after the stroke was given; and, connected with this instruction, it is assigned for error that there was no evidence at the trial which proved, or which conduced to prove that fact; and that in settling the bill of exceptions, after the verdict and discharge of the jury, the court below, at the instance of the attorney for the State, allowed a witness, who had testified on behalf of the prosecution, to be re-called, who stated, against the recollection of the Judge, that, in the course of her testimony before the jury, she had proven the fact in question. We apprehend that the Judge did not err in re-calling the witness, if in doubt as to what she had testified. But her statement so made would be merely an aid in settling the bill of exceptions, and, unless satisfied of its truth, he would not be bound to receive it as true. So, he might, in his discretion, have recalled the witness, at the request, but not as the right, of either party. A judge, in certifying the evidence or facts proven on the trial, must act upon his own responsibility in the conscientious discharge of his duty. There being manifest error in the proceedings, the judgment will be reversed, and the cause remanded, with instructions to the court below to grant a new trial; and pursuant to the condition of his recognizance, the defendant will be required to appear before the Pike circuit court at its next term, to the end that further proceedings may be had in the cause according to law, and not inconsistent with this opinion.